UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Criminal Case No. 07-cr-00438-WYD

UNITED STATES OF AMERICA,

　　Plaintiff,

v.

DERRICK LEE SWANTZ,

　　Defendant.

_____

**ORDER**
_____

　　THIS MATTER came before the Court for a status conference on Monday, March 3, 2008. At the status conference, defense counsel made an oral motion for a ninety-day continuance pursuant to 18 U.S.C. §3161(h)(8)(A) and (B)(iv) because the remaining time until trial is inadequate for counsel to effectively represent the Defendant. Counsel for the Government stated that the Government does not oppose the requested continuance.

　　Generally, the Speedy Trial Act requires a federal criminal trial to begin within seventy days from the filing of an information or indictment, or from the date of the defendant's initial appearance, whichever occurs later. 18 U.S.C. § 3161(c)(1). The Tenth Circuit recently held that "[t]he Act serves two distinct interests: (1) to protect a defendant's right to a speedy indictment and trial, and (2) to serve the public interest in ensuring prompt criminal prosecutions. *Zedner v. United States,* 547 U.S. 489, 126 S.Ct. 1976, 1985, 164 L.Ed.2d 749 (2006) (emphasizing that the Act intended not only

to protect defendant's right to speedy trial, but also 'designed with the public interest firmly in mind'); *United States v. Vogl*, 374 F.3d 976, 982 (10th Cir. 2004)." *United States v. Williams*, 511 F.3d 1044, 1047 (10th Cir. 2007). The Tenth Circuit further stated that "[i]n balancing these two often-competing interests, the Act provides a detailed scheme under which a number of specified intervals are excluded from the seventy-day computation, thus tolling the speedy trial calendar. See 18 U.S.C. § 3161(h)." *Id.*

The *Williams* Court went on to say that the Act "permits a district court to grant a continuance and to exclude the resulting interlude if it finds, on the record, that the ends of justice served by granting the continuance outweigh the interests of the public and the defendant in a speedy trial. 18 U.S .C. § 3161(h)(8). This provision affords a trial court substantial discretion to accommodate periods of delay to address the specific needs of a particular case. *Zedner*, 126 S.Ct. at 1984." *Id.* at 1048-49. However, the *Williams* Court cautioned that "ends-of-justice continuances should not be granted cavalierly. *See United States v. Doran*, 882 F.2d 1511, 1515 (10th Cir.1989) (observing that such continuances were 'meant to be a rarely used tool' (internal quotation marks omitted) (*quoting United States v. Tunnessen*, 763 F.2d 74, 76 (2d Cir.1985)))." *Id.*

The Court, having heard the motion, and being fully advised in the premises, hereby finds that the Defendant's oral motion for an ends of justice continuance should be granted pursuant to 18 U.S.C. § 3161(h)(8)(B)(A) and (B)(iv). I find that the failure to grant a continuance in this case would deny the Defendant and his counsel the

reasonable time necessary for effective trial preparation, taking into account the exercise of due diligence, pursuant to 18 U.S.C. § 3161(h)(8)(B)(iv). Here, the Defendant is charged with twenty-eight counts of mail fraud, in violation of 18 U.S.C. § 134 and twenty-seven counts of wire fraud, in violation of 18 U.S.C. § 1343. This case involves allegations of wire fraud and mail fraud stemming from communications conducted over the Internet. In making his oral motion at the status conference, defense counsel indicated that the Defendant's case is complicated by the number of victims who are located throughout the United States and Canada who must be investigated. Additionally, the Defendant's medical condition has made it difficult for defense counsel and the Defendant to meet regularly to analyze the large amount of discovery in this case. Moreover, a motion for deposition (docket #18) filed by the Government is currently pending before Magistrate Judge Shaffer.

Based on the above, I find that the ends of justice served by an additional ninety (90) day extension of the speedy trial deadlines outweigh the best interest of the public and the Defendant in a speedy trial pursuant to 18 U.S.C. § 3161(h)(8)(A) and (B)(iv).

Based on the foregoing, it is

ORDERED that the Defendant's oral motion made at the March 3, 2008 status conference for a ninety day continuance is **GRANTED** pursuant to 18 U.S.C. § 3161(h)(8)(A) and (B)(iv). In accordance therewith, it is

FURTHER ORDERED that the speedy trial deadlines are tolled for an additional **ninety (90) days**. It is

FURTHER ORDERED that all pretrial motions shall be filed no later than

**Monday, May 5, 2008.** Responses to those motions shall be filed within ten days of the date of the pre-trial motions. It is

FURTHER ORDERED that a status and case management conference is set for **Tuesday, June 3, 2008, at 4:00 p.m.** It is

FURTHER ORDERED that the parties shall file a joint written status report with the Court no later than **Monday, May 26, 2008.**

Dated: March 3, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge